# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENNYE DENTON,<br><br>                              Plaintiff,<br>  vs.<br>BERHANU JACOB,<br><br>                             Defendant. | CASE NO. 10cv145 WQH (CAB)<br><br>**ORDER** |

HAYES, Judge:

      Plaintiff initiated this action in the Superior Court of California for the County of San Diego on October 9, 2009. (Doc. # 1). The action is a landlord-tenant dispute over unpaid rent. *Id.* at 9. On January 19, 2010, Defendant filed a notice of removal removing the action to this Court. *Id.* Defendant also filed a Motion for Leave to Proceed In Forma Pauperis. (Doc. # 2).

      Unlike state courts, federal courts are courts of limited jurisdiction. *See* U.S. Const. art. III, § 2. Federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Moreover, "[f]ederal courts are required *sua sponte* to examine jurisdictional issues." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (quotation omitted); *see also Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (while a party is entitled to notice and opportunity to respond when a court contemplates dismissal of a claim on the

merits, it is not so when the dismissal is for lack of subject-matter jurisdiction). Therefore, the removal statute provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). As the party seeking to invoke the jurisdiction of this court, Defendant bears the burden of establishing the "actual existence of subject matter jurisdiction." *See Thompson v. McComb*, 99 F.3d 352, 353 (9th Cir. 1996).

The Notice of Removal states that the grounds for removal are:

> [T]he amount in controversy as to the claims of both parties exceeds $500,000.00, exclusive of interest and costs, in that the defendant's Caveat Judicial Notice pursuant to the Sovereign Clearfield Doctrine: Notice of Condemnation (Eminent Domain) of said property located at the Republic of California 4075-4077 Wabash Avenue, San Diego, CA 92104 outside the Territory of the Sovereign United States is not for public use unless alleged parties claiming ownership can show proof of claim from the original Deed of Trust and signed Affidavit and Government Tort, Tort Waiver/Conditional Acceptance signed under the Penalty of Perjury and their full Liability before a Notary Public, per- Federal Judge Boyko Decision, Etc.

Defendant does not assert any basis for federal jurisdiction, nor is any basis for federal jurisdiction apparent from the state court cover sheets.[1] Both parties are listed at California addresses, the Civil Cover Sheet filed in this Court states that both parties are citizens of this state, and there are no federal law claims.

IT IS HEREBY ORDERED that this action is REMANDED to the state court. The Motion for Leave to Proceed in Forma Pauperis is DENIED AS MOOT.

DATED: January 25, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge

---

[1] Defendant failed to file a copy of the complaint with the Notice of Removal. However, a detailed Civil Case Cover Sheet from the state court action describing the claim is attached.